(27 App. Div. 107.)

HAND v. SHAW et al.

(Supreme Court, Appellate Division, First Department.　March 11, 1898.)

CONTRACT—PERFORMANCE—QUESTION FOR JURY.

In an action brought to recover $235 for certain advertising, it appeared that defendants had agreed in writing to pay for the advertisement in trade, "the amount to be deducted from merchandise to be sold for a proposed new hotel other than has been estimated or contracted for at this time." Plaintiff thereafter purchased land, and procured plans and materials for the construction of a small hotel, and ordered from defendants, for the alleged use of said hotel, a bill of goods worth $241, on which he demanded the agreed credit, which they refused, solely on the ground of the smallness of the order, stating that they expected one large enough to show a profit equal to the

credit. *Held*, that it was a question for the jury whether plaintiff had complied with his contract, and that a dismissal of the complaint was error.

Appeal from appellate term.

Action by Elwood B. Hand against William A. Shaw and another. From a judgment of the appellate term (47 N. Y. Supp. 166) affirming a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Chas. De Hart Brower, for appellant.

David J. Newland, for respondents.

INGRAHAM, J. The action was brought to recover the sum of $235 for the insertion of an advertisement in a book published by the plaintiff, and was based upon a contract, signed by the defendants, dated October 19, 1889, by which the defendants promised that, in consideration of the insertion of such advertisement:

"We promise to pay to the order of E. S. Hand, two hundred and thirty-five dollars, in trade, after publication of and the delivery to us of a specimen copy of the same. This amount to be deducted from merchandise to be sold for a proposed new hotel, other than has been estimated or contracted for at this time, and is not transferable to any account without our consent."

The complaint alleges the making of this agreement, the insertion of the advertisement, the publication of the book, and the delivery of a specimen copy to the defendants; that on the 3d day of July, 1894, plaintiff made demand of the defendants for the delivery of goods, wares, and merchandise for a proposed new hotel, other than had been estimated or contracted for at that time, in accordance with the terms of said contract, which was refused, and asked to recover the amount of $235. The defendants admit the making of the contract, and that a specimen copy of the book showing the advertisement was delivered to them, but deny that the plaintiff made demand for the delivery of the goods, wares, and merchandise in accordance with the terms of the contract, and allege that the plaintiff represented, before the making of the contract, that he (plaintiff) would control the ordering of goods for a new hotel, which order would be a large one, and that defendants signed the paper in question relying upon such representation, that said representations made by plaintiff were false and untrue, and that the plaintiff has not kept and performed the said contract on his part.

Upon the trial it was proved that the book described in the contract containing the advertisement furnished by the defendants was printed and published by plaintiff, and copies delivered to the defendants; that in June, 1894, the plaintiff called upon the defendants, and selected a bill of goods, amounting in the aggregate to $241.15, and on the following day wrote a letter to the defendants, requesting the defendants to forward the goods to the plaintiff, with a statement showing the balance owing, after allowing the credit due to the plaintiff in accordance with the agreement of October 19, 1889. To that the defendants replied that the plaintiff was not entitled to any credit, to which the plaintiff replied, inclosing a copy of the agreement, with a further request to forward the goods. In reply, the defendants, on June 28th, expressed surprise at the contents of the letter, stating:

"You have not fulfilled your part of the agreement, and therefore we decline to ship the goods selected by you.  *  *  *  Unless you send us the amount of our bill in full, we will have to cancel the order from our books."

Subsequently the plaintiff called upon the defendants, and said:

"What is your objection to allowing the credit due me because of the insertion of your advertisement in the book?"

The defendant replied that he contemplated, when he made that contract, that it would result in a large sale; that it would be large enough,—the profits upon it would warrant him allowing this credit; that he was to pay for this advertising out of the profits of the bill that he proposed selling them; that that was defendant's understanding, and, consequently, "he would consider that I had not fulfilled my agreement; and that he would not honor this contract in connection with my recent purchase, as shown by the bill which I had with me.  I told him I wanted the goods, and I wanted to pay for them by rendering up this contract for advertising and paying him the difference in cash.  He refused to accept the contract."  The plaintiff then told the defendant "that the goods which I had purchased were all that would be required for the hotel that was contemplated, and that I could not increase the quantity that I had selected, or that I required for that purpose"; that the hotel for which he had selected the goods was a very small, seashore, countryside inn, located at Breakwater, Southport, Conn.  The plaintiff further testified that at that time he had made arrangements for the erection of this hotel; that the ground had been purchased and plotted, plans prepared, and materials were upon the ground.  The plans of the hotel were produced in court, and admitted in evidence. The plaintiff then offered to prove the number of bedrooms in the proposed hotel, but this was objected to, and the objection sustained. From the description of the goods furnished, it would appear that they were all of a character required to be used in an hotel of the kind described by the plaintiff.  Upon this evidence the court dismissed the complaint.

The obligation of the defendants assumed by the contract is quite clear.  As a payment for the insertion of the defendants' advertisement in this book, the defendants promised to pay to the order of the plaintiff the sum of $235, by deducting that amount for merchandise to be sold for a proposed new hotel, other than had been estimated or contracted for at the time of the making of the contract.  In other words, the plaintiff was to insert the advertisement, for which the defendants were to pay by the delivery of merchandise for a proposed new hotel, which had not, at the time of the making of the contract, been contracted or estimated for by the defendants.  There was nothing in this contract to require that the hotel for which these goods were to be furnished was to be owned by the defendants, or that, when the goods were ordered, the hotel was to be completed or in existence as an hotel. The goods were to be ordered for a proposed new hotel, not an existing hotel, and, when the goods were ordered for such proposed new hotel, from the cost price of such goods ordered the defendants were to allow this sum of $235.  Upon this evidence, it was a question for the jury to determine whether the plaintiff had complied with his contract, and, if they found that he had, then the defendants were bound to furnish

goods to the amount specified in the contract. The plaintiff had published the advertisement and delivered the book. He had purchased property for the erection of an hotel, had procured plans to be made, and materials for the construction of the hotel had been delivered upon the ground so purchased. He had selected the goods that he required for his proposed hotel, and had notified the defendants of the location of the hotel. The refusal of the defendants was not based upon the fact that the hotel was not in existence, or that its location or identity was not sufficiently described, but upon a disappointment as to the size of the order,—defendants stating that their expectation was that the order for such hotel would be sufficiently large to enable them to pay this sum out of the profits; and, as this was the only objection taken, any other objection that could have been obviated by a fuller explanation on the part of the plaintiff was waived.

The learned appellate term seems to have affirmed this judgment on the ground that there was no hotel in which the goods ordered by the plaintiff could be used. The court say:

"It is true that he [plaintiff] testified to his intention to erect one [an hotel], and that he had plans for it. Nothing committed him to carry out his intention. He could supply his private residence with crockery and glassware to the amount of the advertising claim by simply 'contemplating' the erection of an hotel. What value, then, to defendants, was this contract, by which they were only required to deduct the bill for merchandise sold for a proposed hotel. It is manifest that, before plaintiff could in good faith claim under his contract, he should prove something more than the getting of plans and some materials for an hotel. An order for goods for an hotel which was never built, and to an amount which was only a trifle above the allowance or deduction to be made from the bill, was plainly intended to secure payment under the contract in a manner not provided by it, and obviously not intended by the parties."

We think that the learned court overlooked the provisions of the contract which described the purpose for which the goods were to be used when ordered as that of a proposed hotel, and not for a completed hotel. The contract was prepared by the defendants, signed by them, and delivered to the plaintiff. There was nothing to show that it was the intention of the parties that, before the merchandise was furnished, an hotel was to be actually in existence. It was to be merchandise furnished for a proposed hotel. "To propose" is defined to be "to offer as a plan or scheme; to put and hold before one's mind as a design or determination; to form as a purpose." What is proposed is something that is held before one's mind as a design or determination, not as an accomplished fact. Undoubtedly it was necessary for the plaintiff to satisfy the jury that it was proposed in good faith to erect an hotel, that the goods ordered were to be used in such proposed hotel, and that he had so notified the defendants; but, upon those facts being proved, we see no reason why the defendants were not bound to comply with their contract, and furnish goods at least to the amount which they had agreed should be in payment for the services rendered by the insertion of the advertisement called for by the contract. We think, therefore, that a case was made out by the plaintiff for submission to the jury, and that the dismissal of the complaint was error.

The judgment is reversed, and a new trial ordered, with the appeal costs in all the courts to the appellant to abide the event. All concur.